IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BYRON M. BLAKE,                      CASE NO. 2:09-cv-00106
                                                   JUDGE HOLSCHUH
                 Petitioner,                MAGISTRATE JUDGE KEMP

        v.

DELAWARE COUNTY JAIL,

               Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted.

According to the petition, this case involves petitioner's September 8, 2008, convictions after a jury trial in the Delaware County Court of Common Pleas on insurance fraud, theft by deception, and falsification for theft. On October 31, 2008, the trial court sentenced petitioner to "60 days plus 30 days, three years community control, with 3 consecutive 10 months on the shelf." *Petition*, at 2. Petitioner indicates that, on December 3, 2008, he filed a petition for post conviction relief and that, to date, he has "received no response." *Id.*, at 5. He requested the appointment of counsel on January 19, 2009. That request has not been ruled on. *Id.* He filed a habeas corpus petition with the state trial court on January 25, 2009. To date he has received "no response." *Id.*

On February 13, 2009, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He asserts that he was denied the effective assistance of counsel because his attorney failed to interview or subpoena defense witnesses and failed to provide a closing statement. He also asserts that the prosecutor improperly failed to provide discovery or comply with Ohio discovery rules. Finally, he asserts that he was denied a fair trial because the prosecutor and defense counsel let him believe that a continuance for hand writing analysis would help his case. "It caused defense to lo[ose] Amy J., whereabouts." *Petition*, at 5.

Petitioner's claims remain unexhausted. Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

Petitioner's post conviction petition apparently remains pending in the state courts.

Further, to the extent that petitioner intends to assert in these proceedings any claim that may be readily apparent from the face of the record, such claim would properly be raised on direct appeal. Although the time period to file an appeal has expired, petitioner may seek a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A). Therefore, petitioner's claims remain unexhausted. Additionally, it does not appear that a stay of proceedings pending exhaustion would be appropriate. *Rhines v. Weber*, 544 U.S. 269 (2004). The petition fails to reflect either that petitioner's claims are potentially meritorious or that he can establish "good cause" for his failure to exhaust state court remedies. *Id.*, at 277.

In view of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and*

*Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

          /s/ Terence P. Kemp  
          United States Magistrate Judge